UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN NAPPY,

              Plaintiff,

                                  MEMORANDUM & ORDER
    -against-                   08-CV-4654 (JS)(AKT)

COLBY FIELD LLC, KARA HARRISON
TUCKER, BEN TUCKER, JASON HALL,

              Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      John F. Nappy, pro se
                      P.O. Box 35
                      Malverne, NY 11565

For Defendants:
Kara Tucker:        Kara Harrison Tucker, pro se
                      c/o Colby Fields LLC
                      4608 Colby Road
                      Winchester, KY 40391

Jason Hall:         Jason Hall, pro se
                      The American Thoroughbred Review
                      P.O. Box 1636
                      Eagle, ID 83616

Ben Tucker:         Ben Tucker, pro se.

Colby Fields LLC:   No Appearance.

SEYBERT, District Judge:

        On November 18, 2008, pro se Plaintiff John F. Nappy ("Plaintiff"), a frequent filer in this Court,[1] filed an action for

---

[1] A list of cases brought by Plaintiff in this Court includes: SEC v. Nappy, No. 86-CV-03739 (ILG); Nappy v. Shadynook Farm, et al., No. 06-CV-03550 (JS)(MLO); Nappy v. Cy Wayne Federal, No. 92-CV-4633 (FB)(VVP); Nappy v. Securities Investor, et al., No. 95-CV-3046 (JS)(MLO); Nappy, et al. v. Fed. Home Loan Mort. et al., No. 97-CV-1076 (JS)(MLO); Nappy, et al. v. Power, et al., No. 98-CV-6966 (ADS); Nappy v. Fleet Bank, No. 94-CV-0585 (LDW).

breach of contract against Colby Field LLC, Kara Harrison Tucker ("Kara Tucker"), Ben Tucker, and Jason Hall ("Defendants"), relating to the care and boarding of his horses in Winchester, Kentucky. All the Defendants are currently proceeding pro se. Pending before the Court is Plaintiff's motion for default judgement against all the Defendants. For the reasons stated below, Plaintiff's motion is denied without prejudice, and Defendant Colby Field LLC is given until June 30, 2009 to retain counsel.

BACKGROUND

On November 18, 2008, Plaintiff filed an Order to Show Cause and a Complaint against Defendants alleging that his horses, which are currently in the care of Colby Field LLC, are in jeopardy of being mistreated. On December 22, 2008, Jason Hall filed an Answer to the Complaint and on December 29, 2008, Kara Tucker, and Ben Tucker filed an Answer. In her Answer, Kara Tucker purported to Answer on behalf of Colby Fields. On February 26, 2009, Kara Tucker and Ben Tucker filed an Amended Answer which included defenses and challenged subject matter jurisdiction, and included counter-claims. The Answers included an original signature for Kara Tucker and Ben Tucker, and again appeared to include Colby Field LLC.

On the same day, Plaintiff filed a motion for default judgment against Colby Field LLC, Kara Tucker, and Ben Tucker

alleging that Kara Tucker, a pro se litigant, cannot represent Colby Field LLC or Ben Tucker. Colby Field LLC, Kara Tucker, and Ben Tucker subsequently opposed Plaintiff's motion and moved the Court to vacate any default. For the reasons discussed below, Plaintiff's motion for a default judgment is DENIED without prejudice, and Defendants are given thirty days (30) to retain counsel for Colby Field LLC.

## DISCUSSION

Under Rule 55(c), a court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c).[2] There is a strong preference in the Circuit for deciding disputes on their merits. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001) ("It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits."); see also Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993) ("[D]efaults are generally disfavored and are reserved for rare occasions . . . ."); Arista Records, Inc. v. Musemeci, No. 03-CV-4465, 2007 WL 3124545, at *5 (E.D.N.Y. Sept. 18, 2007) (same).

Furthermore, because Defendants are proceeding pro se,

---

[2] "The Court applies the Rule 55(c) 'good cause' standard, and not the more rigorous Rule 60(b) standard, because the Court never entered a default judgment in this action." Allen v. Barnes, No 08-CV-3832, 2009 WL 331243, at *2 (E.D.N.Y. Feb. 9, 2009); Holland v. James, No. 05-CV-5346, 2008 WL 3884354, at *2 (S.D.N.Y. August 21, 2008).

3

they must be afforded "extra leeway in meeting the procedural rules governing litigation and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge." Enron, 10 F.3d at 96.

"Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Lowey Dannenberg Cohen, PC v. Dugan, 249 F.R.D. 67, 69 (S.D.N.Y. 2008) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). The Court may also consider "relevant equitable factors, including whether failure to appear was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" Raheim v. New York City Health and Hospitals Corp., No. 96-CV-1045, 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007) (quoting Enron Oil Corp., 10 F.3d at 96).

A. Ben Tucker

Plaintiff alleges that Ben Tucker and Colby Field LLC are in default because Kara Tucker, a pro se litigant, cannot represent them. Rule 11 of the Federal Rules of Civil Procedure provides that "Every pleading . . . must be signed . . . by a party personally if the party is represented." Federal Rule of Civil Procedure 11(a). Here, both Ben Tucker and Kara Tucker signed the

4

Answer and are listed as representing him or herself. Accordingly Ben Tucker is not in default and the Court DENIES the default motion with prejudice as against this Defendant.

B. Colby Field LLC

It is well established that a limited liability company must be represented by counsel. Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, . . . a limited liability company also may appear in federal court only through a licensed attorney.") (citation omitted). This holds true even if, as here, the owner is the sole owner of the LLC. See id.; see also Berrios v. N.Y. City Hous. Auth., No. 08-CV-4832, 2009 U.S. App. LEXIS 8406, at *6 (2d Cir. Apr. 23, 2009) ("[A] layperson may not represent a . . . limited liability company of which he is the sole member . . . .") (citations omitted).

Defendant Kara Tucker alleges that since Colby Field LLC is not a corporate entity, she was not aware that Colby Field LLC needed to be represented by counsel. Wilfulness, in the context of a default, typically refers to conduct that is more than merely negligent or careless. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Willfulness may be found where "there is evidence of bad faith" or the default arose from "egregious or deliberate

conduct." Holland v. James, No. 05-CV-5346, 2008 WL 3884354, at *2 (S.D.N.Y. August 21, 2008) (quoting Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996)). In addition, "the Court must resolve any doubt about [defendants'] willfulness in [their] favor." Raheim, 2007 WL 2363010, at *4 (citing Enron, 10 F.3d at 98). The Court finds that Colby Fields' default here was not willful.

Defendants have also presented a meritorious defense that may be applicable to Colby Fields. Defendants allege, inter alia, that Plaintiff was in arrears on his account. Defendants also allege that Plaintiff's claim does not support subject matter jurisdiction based on diversity. To satisfy the meritorious defense factor under Rule 55(c), "a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted." Todtman, Nachamie, Spizz & Johns. P.C. v. Ashraf, No. 05-CV-10098, 2006 WL 2850210, at *1 (S.D.N.Y. Oct. 4, 2006) (quoting 10 Moore's Federal Practice, § 55.50[1][b][ii] (3d Ed. 2005)). Defendants have alleged specific facts which, if proven at trial, would constitute a defense to Plaintiff's claims.

Kara Tucker alleges that she is the sole managing member of Colby Field LLC, and does not allege that she is a licensed attorney. Accordingly, to the extent that Defendant Kara Tucker seeks to proceed on behalf of Colby Field LLC, she may not do so.

A "sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and [must] appear in federal court only through a licensed attorney." Id. at 140. Since there is no record of an attorney representing the limited liability company, Defendant Colby Fields LLC is given until June 30, 2009 to obtain counsel. This action shall be stayed until June 30, 2009 to afford Colby Field LLC sufficient time to retain counsel. If Colby Fields LLC fails to retain counsel by June 30, 2009, Plaintiff may renew his motion for a default judgment against Colby Fields.

## CONCLUSION

As adjudication of cases on their merits is favored and Courts must resolve doubts regarding default judgments in favor of the defaulting party, Plaintiff's motion for a default judgment is DENIED with prejudice against Ben Tucker and DENIED without prejudice as to Colby Field LLC. Defendant Colby Fields has until June 30, 2009 to retain counsel.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         May  22 , 2009